## MARY GREENLEAF *versus* NATHANIEL FRANCIS.

*In the absence of all rights acquired by grant or adverse user for twenty years, the owner of land may dig a well on any part thereof, notwithstanding he thereby diminishes the water in his neighbour's well, unless in so doing he is actuated by a mere malicious intent to deprive his neighbour of water.*

ACTION on the case. The declaration set forth, that the plaintiff was seised in freehold, for and during her life, of a dwellinghouse, with the land under and adjoining the same, the premises being in the occupation of Isaac Ripley as her tenant ; and that there was an ancient cistern for holding the water which flowed therein, upon such land, whereby the

plaintiff and the other persons residing in such house, had for a long time been supplied with good water ; yet that the defendant, well knowing the premises, but designing to injure the plaintiff, and to deprive her of the use and enjoyment of the cistern and water, wilfully dug a cistern upon his own ground, next adjoining the plaintiff's land, and so near to the cistern of the plaintiff, that all the water there was drawn from the cistern of the plaintiff into that of the defendant, whereby the plaintiff was much injured, &c.

At the trial, before *Morton* J., it appeared, that the plaintiff's well was in her cellar, near the boundary line between her land and that of the defendant ; that the cellar was dug fourteen years before the commencement of this action, and that water was then found there ; that about two years afterwards an excavation was made in the earth, about three feet deep, in the place where the well now stands, and a barrel inserted therein ; that the water, which was of a good quality, rose to the surface, and was used by the tenant in that part of the house ; that about four years before the commencement of this action, the barrel was removed, and the excavation deepened and stoned up ; and that the defendant dug a well on his own land of about the same size and depth, and at about the same distance from the boundary line, as that of the plaintiff, the two wells being five feet apart, measuring from the interior of the stoning of the wells, but only three feet apart, measuring from the exterior of the stoning.

There was evidence tending to show, that the defendant's well was placed in the situation which was most convenient for his use. There was no direct evidence of any ill will in the mind of the defendant against the plaintiff ; but it appeared, that he ascertained the exact situation of the plaintiff's well, and dug his own as near to it as the party-wall between the cellars would allow.

The plaintiff requested the judge to instruct the jury, that if they were satisfied, that the defendant so placed his well, with the design and intent thereby to draw off the water from the plaintiff's well into his own, they should return a verdict for the plaintiff.

But the judge instructed the jury, that the defendant had a

legal right to dig a well upon any part of his own land for the purpose of obtaining water for his own use ; that if he dug his well where he did, for this purpose, he was justified in so doing, although the effect might be to diminish the water in the plaintiff's well ; that if he dug the well where he did, for the purpose of injuring the plaintiff, and not for the purpose of obtaining water for his own use, he was liable in this action ; but that if he thus dug his well, for the purpose of accommodating himself with water, he was not liable for so doing, even if he at the same time entertained hostility towards the plaintiff and a desire to injure her, and these feelings were thereby gratified.

The jury returned a verdict for the defendant. The plaintiff excepted to the instructions.

If the Court should be of opinion, that these instructions were incorrect, a new trial was to be granted ; otherwise judgment was to be rendered on the verdict.

The case was argued in writing.

*Prescott* and *Derby*, for the plaintiff. For all the purposes of the present argument, it must be taken as proved, that the defendant, knowing that the plaintiff was in possession of a well, ascertained precisely its situation, and then dug one upon his own ground as near as possible to the plaintiff's well, with intent thereby to draw off the water ; that this was done with the design to benefit himself, regardless of the injury it might do to her ; and that, at the same time, he entertained hostility towards the plaintiff and a desire to injure her, and that these feelings were thereby gratified.

The plaintiff contends, that a person may have a complete and exclusive property in water contained in a well upon his own ground ; and that she had such a property in this water. It is objected, that she did not prove her well to be an *ancient* well. To this, there are two answers : 1. Although the well was not ancient, yet the water in it, which is the only subject of dispute, was an *ancient right*. The plaintiff and those under whom she claims, had possessed this spring, from the first settlement of the country. When they bought the land, they bought this spring, as completely as they would have bought a quarry or a mine of gold, which had existed unknown to grantor or grantee. 2. If this right was not ancient, still it was appro-

Greenleaf
    *v.*
Francis.

priated as soon as found, and such appropriation is sufficient
Angell on Water-Courses, *passim ;* 2 Bl. Com. 402, 403 ;
2 Wooddeson's Lect. 391 ; 15 Viner's Abr. 399, *Mill, C. ;*
16 Viner's Abr. 25, 29, *Nuisance ; Sackrider* v. *Beers,* 10
Johns. R. 241 ; *Bealey* v. *Shaw,* 6 East, 208 ; *Cox* v. *Ma-
thews,* 1 Ventris, 237 ; *Palms* v. *Heblethwait,* Skinner, 65.

Prescription is only useful inasmuch as it shows a grant, or
rather as it necessarily supposes a grant, the proof of which is
lost.   Therefore, where no grant is necessary, no prescription
need be shown ; and no grant is necessary for water on one's
own land.   If two persons own land through which a river
flows, one above and the other below, either of them may erect
any works upon his own land, and use the water therefor, if he
still leaves water enough for his neighbour for such uses as he
*has previously put it to,* and the other thereby loses the right
of erecting similar works upon his own land, if such works
would interfere with the new right gained by his neighbour
by his previous appropriation.

If the plaintiff then had a property in this water, she may
have an action against one who knowingly and wilfully de-
prives her of it, although without any express ill will towards
her.   It will not be seriously contended, that a person may not
have an action against one who has injured him, unless he can
prove that the injury was caused wholly by *malice.*   The ma-
licious intent may be a very important inquiry in a criminal
trial ; it has no place in a civil action, unless perhaps to in-
crease damages.   *Taylor* v. *Rainbow,* 2 Hen. & Munf. 423 ;
*Michael* v. *Alestree,* 2 Lev. 72 ; Year Book, 21 Hen. 7,
*p.* 28 ; 1 Chitty on Pl. 129 ; *Reynolds* v. *Clark,* 1 Strange,
634 ; Buller's N. P. 25 ; *Thurston* v. *Hancock,* 12 Mass.
R. 223.

But was there not malice in this case ?   There was a wilful
determination, on the part of the defendant, to obtain for him
self something then in the lawful possession of the plaintiff, and
this accompanied with a feeling of " hostility towards the plain-
tiff and a desire to injure her, and these feelings were thereby
gratified."   Personal ill will is not a necessary ingredient in
legal malice.

The true distinction is this.   Any person may dig a well on

his own land, and if in so doing he accidentally and undesignedly drains another well, he is not answerable therefor ; but he shall not be permitted to inflict this injury wilfully ; and if he, first ascertaining the position of his neighbour's well, places his own in a situation *calculated* and *designed* to deprive his neighbour of his water and appropriate it to himself, he will be accountable for the whole injury he thus wilfully inflicts.

*C. P. Curtis* and *B. R. Curtis*, for the defendant, cited *Thurston* v. *Hancock*, 12 Mass. R. 220 ; *Wyatt* v. *Harrison*, 3 Barn. & Adolph. 871 ; *Lasala* v. *Holbrook*, 4 Paige, 169 ; Dig. *lib.* 39, *tit.* 3, *lex*, 1, § 12 ; Ibid. *tit.* 2, *lex*, 24, § 12 ; Ibid. *tit.* 2, *lex*, 26 ; Merlin, Recueil de Qu. de Droit, *tit. Denonciations de Nouvels Ouvres*, § 1.

The case under consideration is free from any evidence of malice or design to injure, on the part of the defendant.

PUTNAM J. delivered the opinion of the Court. This is an action of trespass upon the case for diverting water, which the plaintiff alleges belonged to her, and which would have run into her well, if the defendant had not obstructed it. The supposed obstruction was made upon the defendant's soil. It is a claim against common right, and must be proved by the party who makes it. For by the common law the owner of the soil may lawfully occupy the space above, as well as below the surface, to any extent which he pleases, unless he has made some grant or agreement or there has been some statute or police regulation to the contrary. These easements may be upon or above the surface, as by right of way, of air and light, or below the surface, as by right to dig in the soil of another, and lay pipes for an aqueduct through it, &c. And if they are not established by proper evidence, they cannot be maintained against the will of the proprietor, but may be removed by his own authority. " Every one has the liberty of doing in his own ground whatsoever he pleases, even although it should occasion to his neighbour some other sort of inconvenience. Thus, he who is not subject to any service may raise his house as high as he pleases, although by the said elevation he should darken the lights of his neighbour's house." " For this kind of work alters nothing in the fabric of the other house ; and ne, who is the master of the house, ought to have placed his

*Greenleaf*
*v.*
*Francis.*

*July 2d*

Greenleaf
v.
Francis.

lights so as to be out of danger of this inconvenience, which he had no right to hinder, and which he might easily have foreseen." 1 Domat's Civ. Law, *tit.* 12, § 2. *Vid.* 3 Ayliffe's Civ. Law. *tit.* 5. *page* 307.

The lots of the plaintiff and defendant adjoin each other. And the case finds, that the plaintiff's cellar was dug fourteen years ago, and water was then found, and in about two years afterwards an excavation was made in the earth, in the place where the well now stands, about three feet deep, and a barrel was inserted, and the water rose to the surface. Afterwards the defendant dug to obtain water in his own soil, and in a place where it was convenient for him, near to the well of the plaintiff, and after the defendant's well was dug, the water ceased to flow into the plaintiff's well, so copiously as it did before. It is for this alleged injury that the action is brought.

Then it is to be considered, whether the plaintiff has proved any such easement, as she claims to have in the soil of the defendant. She does not pretend, that there has been any written grant from the defendant. She relies upon the use, as evidence from which a jury should presume a grant ; and there is no other circumstance to be relied upon. But by our law, the right of the plaintiff to control the operations of the defendant on his own soil must, in the absence of a written agreement, be made out by an adverse possession continued peaceably under a claim of right for twenty years at the least. In the present case such proof is wanting. There is not evidence of any adverse use or possession at all. For the defendant had no means of knowing that the plaintiff's well was supplied by springs in the defendant's soil, until the defendant dug for water there for his own use. He sustained no injury by the use which the plaintiff made of the water she found in her own well ; and the use, if it had been adverse, has not been continued for twenty years. Indeed there is nothing in the case at bar which limits or restrains the owners of these estates, severally, from having the absolute dominion of the soil, extending upwards and below the surface so far as each pleases ; each, however, by the law, being held so to operate below the surface as not to cause the soil to fall in from the adjoining estate. These rights should not be exercised from mere malice ; and

so the judge ruled at the trial. But the proprietor, in the absence of any agreement subjecting his estate to another, may consult his own convenience in his operations above or below the surface of his ground. He may obstruct the light and air above, and cut off the springs of water below the surface The proprietor must, at his peril, so place his house and make his excavations below it, as to obtain water, air and light, even if his neighbour should exercise his full rights of dominion upon his adjoining estate.

Now the case finds, that the defendant dug his well in that part of his own ground, where it would be most convenient for him. It was a lawful act, and although it may have been prejudicial to the plaintiff, it is *damnum absque injuriâ.*

*Judgment on the verdict.*